[Civ. No. 48640. Second Dist., Div. Three. Nov. 22, 1976.]

In re the Marriage of MARY LOUISE and
WILLIAM GRAYSON ANDERSON.
MARY LOUISE ANDERSON, Appellant, v.
WILLIAM GRAYSON ANDERSON, Respondent.

**COUNSEL**

Lawton, Christensen, Fazio, McDonnell, Briggs, Ward & DeSales and Robert P. Lawton for Appellant.

William Grayson Anderson, in pro. per., for Respondent.

**OPINION**

ALLPORT, J.—Mary Louise Anderson appeals on a limited record from that portion of an interlocutory judgment of dissolution of marriage which purports to distribute pension benefits between herself and her estranged husband William Grayson Anderson. Pursuant to California Rules of Court, rule 12(a), we have augmented the record to include the entire superior court file in the above action.

*Facts*

It appears from the record as augmented that the parties were married January 20, 1945, and separated October 6, 1974. Following a contested

trial held December 22, 1975, findings of fact and conclusions of law were signed on January 19, 1976. The pertinent findings and conclusions are as follows:

"IX

"Petitioner is employed by Pacific Telephone and Telegraph Co.

X

"Petitioner presently has a vested, matured right to a retirement from his employer, Pacific Telephone and Telegraph Co.

XI

"Petitioner and Respondent agree that said retirement shall be divided equally, if and when received by the Petitioner. . . .

XIII

"That the date of separation of the parties was October 6, 1974.

XIV

"The Petitioner was entitled to a retirement as of October 6, 1974 amounting to $338.54 per month for the rest of his life.

XV

"The Petitioner was entitled to a retirement as of November 20, 1975 (a date near trial date) amounting to $501.11 per month for the rest of his life. . . .

V

"The community property shall be valued as of the date of separation and not at the time of trial.

VI

"The base figure to determine value of community property pension shall be $338.54 per month."

*Contentions*

It is contended on appeal that it was error to calculate the wife's one-half interest in the pension as of October 6, 1974 (date of separation) and in not retaining jurisdiction to supervise payment of her interest as it becomes due. For reasons to be stated that portion of the judgment must be reversed.

*Discussion*

Civil Code section 5118 effective March 4, 1972, provides: "[t]he earnings and accumulations of a spouse . . . while living separate and apart from the other spouse, are the separate property of the spouse." Respondent husband seizes upon this contending the section "mandates that the date of separation is determinative of the extent of the community interest in the retirement asset" arguing that even though the retirement plan is funded entirely by his employer, it increases in value subsequent to separation by reason of his continued employment, which increase is his separate property. He then concludes the trial court was correct in using the date of separation, October 6, 1974, for evaluation of retirement benefits and awarding wife her one-half of $338.54 per month, which he would have been entitled to receive had he retired on that date. Husband oversimplifies the problem. He did not retire on that date and the pension increases in value with each year of additional employment since the "pensions are computed entirely upon age and service at the time of retirement." The increase is not necessarily entirely his separate property because the amount of the pension is dependent upon the total number of years of service. Thus the first few years of service (during the marriage) must be given just as much weight in computing total service as the last few years (after separation).

Applying this rationale to the case at hand we note from The Pacific Telephone and Telegraph Company letter of December 4, 1975, that as of the date of separation, October 6, 1974, husband had 26 years 9 months service with that company. All of such service having been rendered during the marriage, the fruits thereof are community assets and belong one-half to each party. Assuming for the moment that husband continues to be employed by The Pacific Telephone and Telegraph Company for another 3 years 3 months before he retires or a total of 30 years service, it follows that the community property portion of the total service would be 26 years 9 months divided by 30 years or 89.166 percent. Civil Code section 4800, subdivision (a), requires that this

be divided equally between the parties or 44.583 percent each. The remaining 10.834 percent of the pension is husband's separate property. (See *In re Marriage of Freiberg*, 57 Cal.App.3d 304, 309-312 [127 Cal.Rptr. 792]; see also *In re Marriage of Wilson*, 10 Cal.3d 851, 854-855 [112 Cal.Rptr. 405, 519 P.2d 165].)

■ Under the circumstances a proper order in this case should provide that petitioner husband shall pay to respondent wife as long as she lives that portion of the total monthly pension which equals one-half of the ratio of 26 years 9 months to the total number of years petitioner has served with The Pacific Telephone and Telegraph Company at the time of his retirement and that jurisdiction be retained by the trial court to make such determination and supervise distribution at the appropriate time in the future. (See *In re Marriage of Brown*, 15 Cal.3d 838, 851 [126 Cal.Rptr. 633, 544 P.2d 561].)

That portion of the interlocutory judgment of dissolution of marriage purporting to determine the parties' rights in and to retirement benefits is reversed and the cause remanded for further proceedings consistent with the views expressed herein. In all other respects said judgment is affirmed.

Cobey, Acting P. J., and Potter, J., concurred.