189 Cal.App.3d 97 (1987)
234 Cal. Rptr. 351
In re the Marriage of DELSA JANE and ROBERT RUFUS HENKLE.
DELSA JANE HENKLE BARNES, Respondent,
v.
ROBERT RUFUS HENKLE, Appellant.
Docket No. A029945.
Court of Appeals of California, First District, Division Five.
February 6, 1987.
*98 COUNSEL
William H. McPherson and McPherson, Barnett & Mattice for Appellant.
Joel T. Pegg for Respondent.
[Opinion certified for partial publication.[*]]
OPINION
KING, J.
(1a) In this case we hold that once maximum retirement benefits have been earned, further employment thereafter during marriage does not count as service during marriage for the purpose of applying the time rule to determine the community interest in an employee spouse's retirement pay.
The Henkles married in 1969 and separated six years later in 1975. At the time of marriage Robert was an Air Force colonel with 26 years service. He retired in 1975 with 32 years of service.
*99 After 20 years of service a member of the military may retire with 50 percent of his/her base pay. Thereafter, 2 1/2 percent per year is added until, after 30 years of service, the maximum of 75 percent is reached.

I[*]
.... .... .... .... ....

II
(2) "Benefits like pensions are part of the compensation an employee receives for his services and they are community property to the extent they are earned by employment during marriage." (In re Marriage of Davis [(1980), 113 Cal. App.3d 485, 488 (169 Cal. Rptr. 863)] citations omitted.) (3) "Although the `time rule'[3] is not the only acceptable method for apportioning retirement benefits between the community and separate estates [citations], it is apparently the method most frequently employed. [Citations.] [¶] However, apportionment on the basis of the `time rule' is appropriate only where the amount of the retirement benefits is substantially related to the number of years of service." (In re Marriage of Poppe [(1979) 97 Cal. App.3d 1, 8 (158 Cal. Rptr. 500)].)
(1b) The Poppe court rejected the time rule where retirement benefits were based on a point system "depending on the nature and frequency of the service rendered, not the number of years served." (Id. at p. 9.) But Poppe does not govern this case, since Robert's retirement benefits were substantially related to the number of years served. In these circumstances, "the community is entitled to have its share based upon the length of service performed on behalf of the community in proportion to the total length of service necessary to earn those benefits." (In re Marriage of Judd, supra, 68 Cal. App.3d at p. 522, italics added.)
Delsa argues the community interest in Robert's retirement pay is six thirty-seconds because she was married to him for six of his thirty-two years of service. However, only the first 30 of those years were necessary to earn the benefits; Robert acquired no increase in percentage thereafter. Under Delsa's theory, if Robert had already served 30 years when the parties married, and served 10 more years during marriage, the community would have a ten fortieths or 25 percent interest in a separate property asset fully *100 earned and owned by Robert prior to marriage. Such a result flies in the face of the rule that "the community owns all pension rights attributable to employment during the marriage." (In re Marriage of Brown (1976) 15 Cal.3d 838, 844 [126 Cal. Rptr. 633, 544 P.2d 561, 94 A.L.R.3d 164], italics added.)
Unlike a vesting period during which no benefits are acquired, but which is a prerequisite to receiving later-acquired benefits, Robert's service during the last two years of marriage was not necessary to earn any benefits nor did it earn any additional benefits.
His situation is also distinguishable from that in which courts have held "the first few years of service (during the marriage) must be given just as much weight in computing total service as the last few years (after separation)." (In re Marriage of Anderson (1976) 64 Cal. App.3d 36, 39 [134 Cal. Rptr. 252].) In those cases the pension's postseparation increase in value by reason of continued employment is not entirely separate property "because the amount of the pension is dependent upon the total number of years of service." (Ibid.) By contrast, the last two years of Robert's military service did not contribute to the total number of years of service  30  on which the amount of retirement pay depends.
In In re Marriage of Davis, supra, 113 Cal. App.3d at page 488, a serviceman was married for 17 of his 20 years on active duty, during which he earned full retirement benefits. He then served 10 years in the Fleet Reserve with no increase in retirement pay. The court upheld application of the time rule to award his former spouse seventeen twentieths of his military retirement pay. The situation in this case is analogous.[4] Only during the first 30 of his 32 years in the Air Force was Robert earning retirement benefits. During only four of his six years of marriage were additional retirement benefits acquired. The community interest is four thirtieths of Robert's military retirement pay; thus Delsa's community share is two thirtieths of the benefit.
The order is reversed and the cause remanded with directions to recompute Delsa's interest in Robert's retirement pay in accordance with the formula established herein.
Low, P.J., and Haning, J., concurred.
NOTES
[*] Part I of this opinion is not certified for publication pursuant to rule 976.1 of the California Rules of Court.
[*] See footnote, ante, page 97.
[3] According to the time rule the community interest is that fraction of the retirement benefits, the numerator of which represents the length of service during marriage and the denominator the total length of service by the employee-spouse. (In re Marriage of Judd (1977) 68 Cal. App.3d 515, 522 [137 Cal. Rptr. 318].)
[4] Delsa's attempt to distinguish In re Marriage of Davis fails because the operative distinction is not between active and reserve duty, but between service which results in increased retirement benefits and that which does not.